**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

_____

| | | |
|---|---|---|
| KEVIN TRUDEAU, an individual, | ) | |
| | ) | |
| | ) | |
| | ) | Case No. _____ |
| Plaintiff, | ) | |
| | ) | Judge _____ |
| v. | ) | |
| | ) | |
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

_____

## COMPLAINT

Plaintiff Kevin Trudeau ("Trudeau"), by his attorneys, brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, to enjoin the Federal Trade Commission ("FTC") from improperly withholding certain agency records within its possession and control. FOIA requires that federal agencies respond to public requests for disclosure in order to increase public access to government information.

## PARTIES

1.    Plaintiff Trudeau is an individual with a principal place of business in the State of Illinois. Trudeau is an author, consumer advocate and radio host.

2.    Defendant FTC is an agency of the United States, as defined by 5 U.S.C. § 552(f)(1), and is charged with a duty to provide public access to documents in its possession consistent with the requirements of FOIA.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this action pursuant to FOIA, under 5 U.S.C. § 552(a)(4)(B).  this Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1346, and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-06.

4.      The Court also has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

5.      The Court has the authority to award costs and attorneys' fees under 28 U.S.C. § 2412.

6.      Venue is properly vested in this Court pursuant to 5 U.S.C. § 552(a)(4)(B).

## STATEMENT OF FACTS

7.      On April 14, 2011, Trudeau submitted FOIA requests to the FTC seeking all investigative reports concerning K.T. Capital Corporation, TRUCOM, L.L.C., TruStar Marketing Corporation, TruStar Productions Incorporated, and Direct Response Associates LLC. The original requests indicated that Trudeau is an individual seeking information for personal use and not for commercial use. Copies of the FOIA requests are attached hereto as Group Exhibit A.

8.      On April 18, 2011, the FTC acknowledged receipt of the FOIA requests relating to TRUCOM, L.L.C., TruStar Marketing Corporation, and Direct Response Associates LLC. Copies of the April 18, 2011 acknowledgments are attached hereto as Group Exhibit B.

9.      On April 19, 2011, the FTC acknowledged receipt of the FOIA requests relating to K.T. Capital Corporation and TruStar Productions Incorporated.  Copies of the April 19, 2011 acknowledgments are attached hereto as Group Exhibit C.

10.     On May 12, 2011, the FTC further responded with a letter that, among other things, aggregated the foregoing FOIA requests into a single request ("the FOIA request"), sought conformation that Trudeau agreed to a "$50 fee agreement for each aggregated request[,]" and requested clarification regarding the scope of the requests.   The letter stated: "Please [identify] which type of Federal Trade Commission documents constitute "investigative reports." Also, please indicate whether you mean to include consumer complaints in your requests."   A copy of the May 12, 2011 letter is attached hereto as Exhibit D.

11.     On May 19, 2011, Trudeau's counsel responded that Trudeau did not intend for his request to include consumer complaints, but did intend for it to include "all documents relating to investigations of the identified companies, including, but not limited to, reports, notes, opinions, memoranda, correspondence, commercial and financial information."   Trudeau's counsel also stated that Trudeau was willing to pay fees "up to $100 for the processing of each aggregated request."   A copy of the May 19, 2011 letter is attached hereto as Exhibit E.

12.     On September 22, 2011, the FTC notified Trudeau that it had located 149 "responsive records," but had deemed them exempt from disclosure under 5 U.S.C. § 552(b)(7)(A).   The FTC stated that "disclosure of that material could reasonably be expected to interfere with the conduct of the Commission's law enforcement activities."   A copy of the September 22, 2011 letter is attached hereto as Exhibit F.   The letter was accompanied by an invoice for the amount of $99.20, "for the charges incurred for this response to your request."   A copy of the invoice is attached hereto as Exhibit G.   The September 22, 2011 letter indicated that there may be additional responsive records, but the processing of the request had exhausted the fee agreement.

13. By letter dated October 10, 2011, Trudeau filed an administrative appeal of the FTC's September 22, 2011 denial, citing the FTC's failure to make a specific showing that disclosure of the responsive documents could reasonably be expected to interfere with a pending or contemplated enforcement proceeding. FOIA Exemption 7(A) permits withholding of "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings ...." 5 U.S.C. § 552(b)(7)(A). A copy of the October 10, 2011 appeal letter is attached hereto as Exhibit H.

14. The October 10, 2011 appeal letter also challenged the imposition of costs for search and review time, as opposed to reproduction costs. The appeal letter stated that, because Trudeau is an individual seeking information for personal use and not commercial use, he should not be required to pay for search and review time, but only for reproduction costs with the first 100 pages free. No records were produced, so there should have been no cost imposed.

15. By letter dated November 2, 2011, through the FTC's General Counsel Willard K. Tom, Trudeau's administrative appeal was denied. The denial letter contended that the FTC had met its statutory obligations with respect to its determination that the requested documents are exempt from FOIA's disclosure requirements. A copy of the November 2, 2011 denial letter is attached hereto as Exhibit I. Accordingly, the FTC has not made a specific showing that disclosure of the responsive documents could reasonably be expected to interfere with an enforcement proceeding.

16. The November 2, 2011 denial letter also contended that Trudeau is a "commercial use requestor," and therefore is subject to research and review costs related to his FOIA requests, in addition to any reproduction costs. The denial letter based that contention on

the fact that there currently is litigation pending between Trudeau and the FTC. However, the pending litigation involves the FTC and Trudeau as an individual, and does not involve any corporation with which Mr. Trudeau may be associated. *FTC v. Trudeau,* No. 10-2418, Seventh Circuit Court of Appeals.

17.     Trudeau has fully exhausted his administrative remedies under 5 U.S.C. § 552(a)(6)(C) for his FOIA request, and now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

18.     The FTC is subject to the requirements of FOIA, yet it has failed to comply with the Act as required by 5 U.S.C. § 552(a). The FTC has wrongfully withheld the requested records.

## **CAUSE OF ACTION**

### **Violation of the Freedom of Information Act**

19.     Plaintiff repeats and realleges paragraphs 1 through 18.

20.     The FTC's failure to disclose documents responsive to Trudeau's request constitutes a violation of FOIA, 5 U.S.C. § 552.

**WHEREFORE,** Plaintiff Trudeau respectfully requests and prays that this Court:

i.     Enter an Order declaring that the FTC has wrongfully withheld the requested agency records;

ii.     Enter an Order declaring that the FTC improperly imposed a review and processing fee relating to Trudeau's request;

iii.     Issue a permanent injunction directing the FTC to disclose to the Plaintiff all requested documents;

iv.    Issue a permanent injunction directing the FTC to return the review and

processing fee, and to waive any additional fees related to the requests;

v.    Maintain jurisdiction over this action until the FTC is in compliance with FOIA

and every order of this Court;

vi.    Award Plaintiff his attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E);

and

v.    Grant such additional and further relief to which Plaintiff may be entitled.


Dated:  January 26, 2012


KEVIN TRUDEAU


By: _____

His Attorney


Daniel J. Hurtado (6217466)
841 North Grove Avenue
Oak Park, Illinois  60302
(708) 289-2503
Dhurtado2@att.net